IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 18-101-5 |
| FREDERICK REICHLE | : | |

**GOVERNMENT'S MOTION TO DISMISS INDICTMENT**

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Jason P. Bologna, Assistant United States Attorney for the district, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, moves this Court to dismiss the indictment in the above-captioned matter, and in support of its motion states:

1. On January 9, 2019, a grand jury in the Eastern District of Pennsylvania returned a five-count superseding indictment charging thirteen defendants with a variety of federal drug crimes. Frederick Reichle ("Reichle" or "Dr. Reichle") is one of those thirteen. He is charged in Counts One, Two, Three, and Four with maintaining a drug-involved premises, and aiding and abetting, in violation of Title 21, United States Code, Section 856, and Title 18, United States Code, Section 2. These charges stem from Reichle's work at Advanced Urgent Care ("AUC"), a business that provided pain management services to the public. The superseding indictment alleges criminal acts beginning on or about January 10, 2014, and continuing up to August 31, 2017. Factually, the vast majority of the allegedly illegal prescriptions that Dr. Reichle wrote while at AUC were issued in 2016 and 2017.

2. On December 19, 2018, Dr. Reichle was charged in this district by indictment with conspiracy to distribute controlled substances outside the course of professional practice

and without a legitimate medical purpose in violation of Title 21, United States Code, Section 846. *See United States v. Frederick Reichle*, Criminal No. 18-591-2. That case, which is wholly unrelated to the present case, was assigned to U.S. District Court Judge Harvey Bartle III. Rhonda Lowe represented Dr. Reichle in that matter. Prior to trial, an issue was raised concerning Dr. Reichle's competency. The government's expert, Dr. Susan Rushing, initially evaluated Dr. Reichle for competency in June of 2019. Based on this evaluation, she opined that Reichle was competent to proceed to trial.

3. At the government's request, Dr. Rushing conducted a second evaluation of Dr. Reichle on September 25, 2019. As part of the second evaluation, Dr. Rushing reviewed additional evidence not originally available to her. The additional evidence that Dr. Rushing reviewed included, but was not limited to, the records of an oncologist who treated Dr. Reichle from 2015 – 2019, the records of a neurologist who treated Dr. Reichle from 2018 – 2019, the report of a neuropsychologist who evaluated Dr. Reichle in 2019, and notes from an orthopedic center that treated Dr. Reichle from 2018 – 2019. Based on the second evaluation, Dr. Rushing reported that she would opine that Reichle met the minimum standards for competency. However, Dr. Rushing also concluded that during the period charged in that indictment the defendant was afflicted by a host of medical and neurological conditions, which significantly impaired his cognitive function and prevented him from forming criminal intent.

4. Due to this newly-presented evidence, the government sought to dismiss the indictment of Dr. Reichle charged in Criminal No. 18-591-2. The government believed that dismissal under these circumstances furthered the interests of justice and represented a sound exercise of prosecutorial discretion. Judge Bartle granted the government's motion.

5. The conspiracy charged in Criminal No. 18-591-2 covered the period from May

2017 through May 14, 2018. Accordingly, the period of Reichle's allegedly criminal conduct in 18-591-2 overlaps, in part, with his allegedly criminal conduct in this matter. Further, given the deterioration of Dr. Reichle's medical and neurological conditions, it would be difficult to determine when he could have formed the criminal intent necessary for the charges brought in this matter.

6. Due to the newly-presented evidence of Dr. Rushing, the government seeks to dismiss the superseding indictment against Dr. Reichle in 18-101-5. The government believes that dismissal under these circumstances furthers the interests of justice and represents a sound exercise of prosecutorial discretion.

*WHEREFORE*, the government respectfully requests that this Court dismiss the above-captioned indictment against the defendant, without prejudice.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

JASON P. BOLOGNA
Assistant United States Attorney

Date: August 26, 2021

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 18-101-5 |
| FREDERICK REICHLE | : | |

### ORDER

AND NOW, this      day of      2021, upon consideration of the Government's Motion to Dismiss Indictment, it is hereby

### ORDERED

that Indictment No. 18-101-5 is dismissed without prejudice.

BY THE COURT:

_____
HONORABLE GENE E.K. PRATTER
*Judge, United States District Court*

## CERTIFICATE OF SERVICE

I hereby certify that Government's Motion to Dismiss Indictment has been served upon counsel through the Electronic Case Filing (ECF) system and email:

Rhonda P. Lowe, Esq.
3553 West Chester Pike #126
Newtown Square, PA 19073

JASON P. BOLOGNA
Assistant United States Attorney

DATED: 9/3/21